UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MICHAEL WHITE, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-507-HAB-ALT |
| LIVERS, QUINN, TRIU, MITCHELL, EVERAGE, ALLEN, BUEFORD, JENNIFER, and HOPE, | |
| Defendants. | |

OPINION AND ORDER

David Michael White, Jr., a prisoner without a lawyer, filed a complaint about several alleged uses of excessive force against him over several days at Indiana State Prison and a denial of medical care for his injuries. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

White alleges that around 2:00 in the morning of December 5, 2024, Officer Everage unnecessarily sprayed him in the face for at least 5 to 6 seconds with a chemical agent while waiting for him to come out of the shower. He alleges she did not have a

legitimate security or penological purpose for spraying him. Soon after, Officer Everage radioed for Sergeant Mitchell to come and cuff White so he could be taken to medical for a decontamination shower. He was escorted by Sergeant Mitchell, Sergeant Quinn, and Officer Allen to medical, but when they arrived, the officers refused to give him a decontamination shower. When White asked why, Sergeant Quinn and Officer Allen started kicking and punching him in his legs and torso until White fell backwards. He was still in handcuffs, and when he fell he injured both his hands. Sergeant Mitchell deployed an unnecessary and excessive amount of OC spray in his face.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against convicted prisoners. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. White may proceed against Officer Everage for the first alleged unnecessary use of OC spray. He may also proceed against Sergeant Mitchell, Sergeant Quinn, and Officer Allen for the later beating and the second use of OC spray in the decontamination shower.

After White was assaulted, he went to the nurse's station where he told Nurse Bueford and Nurse Jennifer about his severe, painful injuries. Both nurses refused him immediate medical attention.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). White may proceed against Nurse Bueford and Nurse Jennifer for the denial of medical care on December 5, 2024.

White alleges that he told Sergeant Mitchell, Sergeant Quinn, and Officer Allen that he was going to file a grievance on them for physically assaulting him. He alleges they retaliated against him by telling their shift supervisors, Lieutenant Stone and Lieutenant Livers, to put him on a 24-hour strip cell observation. All of his personal property items, including his mattress, sheet, blanket, eating and drinking utensils, and clothing, were taken from his cell, leaving him with only his underwear for 24 hours.

3

White may be trying to assert a claim for First Amendment retaliation, however, the threat to file a grievance is not, itself, protected First Amendment activity. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted). "A prisoner has a First Amendment right to make grievances about conditions of confinement . . .." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (citing *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005). But that right must be exercised "in a *manner* consistent with his status as a prisoner." *Id*. (emphasis in original, citation omitted). The Seventh Circuit has noted that "it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance." *Id*. at 555 (emphasis in original); *see also Clark v. Reed*, 772 F. App'x 353, 355 (7th Cir. 2019) (citing *Bridges* and finding qualified immunity applied to shield the defendant because it had not been clearly established "that a threat to file a grievance was protected"); *Cobian v. McLaughlin*, 717 F. App'x 605, 612–13 (7th Cir. 2017) (citing *Bridges* and finding the inmate's "threat to go to court" if the prison staff member did not perform research and update his file as requested was not a protected activity).

Nor are there allegations that the conditions White endured deprived him of a necessity of life or were of such severity and duration as to separately violate that Eight

4

Amendment. *See Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (noting "frequency, severity, or duration" of the alleged "harsh" cell conditions relevant to determining whether condition meets objective standard of Eighth Amendment violation). These allegations do not state a claim.

The next morning, Nurse Hope stopped by his cell to give him his medication. White told her and the escorting officer, Sergeant Triu, that he needed immediate medical attention for his injuries and that he needed a health care request form to seek medical care for his pain. The two of them just laughed at him and walked away. White may proceed against Nurse Hope and Sergeant Triu for denying him medical care for his serious medical needs.

That evening, the same officers who had attacked him—Sergeant Quinn, Sergeant Mitchell, and Officer Allen—were working again. White stopped Lieutenant Livers on rounds to tell him how those three officers had physically assaulted him in the decontamination shower and refused to let him shower the OC spray off. Lieutenant Livers whispered to him, "That's right, motherfucker. I authorized them to do it on purpose and if you attempt to file a grievance on me or my staff about what happened, then I will do my best to make your segregation time much more uncomfortable than what it already is." ECF 1 at 5. Then the lieutenant walked away.

The lieutenant cannot be held liable under 42 U.S.C. § 1983 based solely on the actions of the people he supervises. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory

5

positions). Liability depends on a defendant's individual participation in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). For a supervisor to have the necessary personal involvement in the alleged violation, he must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). White may proceed against Lieutenant Livers for directing the three other officers to beat him in the decontamination shower on December 5, 2024.

Around 4:00 am the next morning, White was taken off strip cell observation and given all his clothing and personal property back. He immediately started filing a grievance about what had taken place the day before.

A few days later, on December 10, 2024, White was woken up around 1:45 a.m. by an unknown officer, who asked White if he wanted to come down to the lieutenant's office to sign for his legal mail. White agreed, and the unknown officer handcuffed him in the front of his body and escorted him to the lieutenant's office.

Sergeant Quinn and Officer Allen—two of the officers who had assaulted him— were there along with Lieutenant Livers. White didn't see any legal mail there for him to sign for, so he asked to be taken back to his cell because something didn't feel right to him. Instead, the office door was closed and Sergeant Quinn struck him in the back of his head with a closed fist while Lieutenant Livers held White's wrists. Officer Allen punched him several times in his left rib. After the physical assault was over, Lieutenant Livers told him, "I told you if you attempted to file a grievance on me or my staff that I will get you again." ECF 1 at 6-7. Lieutenant Livers then radioed for the

6

unknown officer who escorted him there to return him to his cell. White may proceed against Sergeant Quinn, Lieutenant Livers, and Officer Allen for the use of excessive force in the lieutenant's office on or around December 10, 2024.[1]

White alleges that from December 6, 2024, through May 16, 2025, he has submitted more than 10 health care request forms to the medical department about his pain and injuries, but he has not received adequate treatment. He contends that nothing was done to treat his pain. The allegations here concerning his medical care do not state a claim because he does not identify which medical care providers were personally involved with the alleged denial of care.

Finally, White names Lieutenant Stone, Nurse Jeff, Nurse Diane Thews, and Dr. Marthakis as defendants but does not include allegations about their personal involvement in the alleged constitutional violations. They will be dismissed.

For these reasons, the court:

(1) GRANTS David Michael White, Jr., leave to proceed against Officer Everage in her individual capacity for compensatory and punitive damages for the alleged unnecessary use of OC spray on or around December 5, 2024, in violation of the Eighth Amendment;

---

[1] White mentions that these actions were done in retaliation for filing grievances, suggesting that he might want to assert a claim for First Amendment retaliation. However, these allegations fall squarely in the ambit of the Eighth Amendment, and a claim "gains nothing by attracting additional constitutional labels." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on different constitutional theories arising out of the same circumstances); *see also Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of a claim because the same facts comprised a more applicable claim under a different constitutional amendment) and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). Here, the Eighth Amendment claim is the more applicable basis on which to proceed.

(2) GRANTS David Michael White, Jr., leave to proceed against Sergeant Mitchell, Sergeant Quinn, and Officer Allen in their individual capacities for compensatory and punitive damages for beating him in the decontamination shower and the second alleged unnecessary use of OC spray on or around December 5, 2024, in violation of the Eighth Amendment;

(3) GRANTS David Michael White, Jr., leave to proceed against Lieutenant Livers in his individual capacity for compensatory and punitive damages for directing other officers to beat him in the decontamination shower on or around December 5, 2024, in violation of the Eighth Amendment;

(4) GRANTS David Michael White, Jr., leave to proceed against Nurse Bueford and Nurse Jennifer in their individual capacities for compensatory and punitive damages for refusing him medical care for the injuries he sustained during the beating on or around December 5, 2024, in violation of the Eighth Amendment;

(5) GRANTS David Michael White, Jr., leave to proceed against Nurse Hope and Sergeant Triu in their individual capacities for compensatory and punitive damages for refusing him medical care on or around December 6, 2024, for the injuries he sustained in the beating the previous day in violation of the Eighth Amendment;

(6) GRANTS David Michael White, Jr., leave to proceed against Sergeant Quinn, Lieutenant Livers, and Officer Allen in their individual capacities for compensatory and punitive damages for beating him in the lieutenant's office on or around December 10, 2024, in violation of the Eighth Amendment;

(7) DISMISSES all other claims;

8

(8) DISMISSES Stone, Jeff, Diane Thews, and Marthakis;

(9) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Livers, Sergeant Quinn, Sergeant Triu, Sergeant Mitchell, Officer Everage, and Officer Allen at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(10) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Bueford, Nurse Jennifer, and Nurse Hope at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(11) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(12) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Livers, Sergeant Quinn, Sergeant Triu, Sergeant Mitchell, Officer Everage, Officer Allen, Nurse Bueford, Nurse Jennifer, and Nurse Hope to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 11, 2025.

s/ Holly A. Brady  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT