UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID MICHAEL WHITE, JR.,

Plaintiff,

v.                                                CAUSE NO. 3:25-CV-507-HAB-ALT

LIVERS, et al.,

Defendants.

OPINION AND ORDER

David Michael White, Jr., a prisoner without a lawyer, is proceeding in this

case on six claims. First, he is proceeding "against Officer Everage in her individual

capacity for compensatory and punitive damages for the alleged unnecessary use of OC

spray on or around December 5, 2024, in violation of the Eighth Amendment[.]" ECF 7

at 7. Second, he is proceeding "against Sergeant Mitchell, Sergeant Quinn, and Officer

Allen in their individual capacities for compensatory and punitive damages for beating

him in the decontamination shower and the second alleged unnecessary use of OC

spray on or around December 5, 2024, in violation of the Eighth Amendment[.]" *Id.* at 8.

Third, he is proceeding "against Lieutenant Livers in his individual capacity for

compensatory and punitive damages for directing other officers to beat him in the

decontamination shower on or around December 5, 2024, in violation of the Eighth

Amendment[.]" *Id.* Fourth, he is proceeding "against Nurse Bueford and Nurse Jennifer

in their individual capacities for compensatory and punitive damages for refusing him

medical care for the injuries he sustained during the beating on or around December 5,

2024, in violation of the Eighth Amendment[.]" *Id.* Fifth, he is proceeding "against Nurse Hope and Sergeant Triu in their individual capacities for compensatory and punitive damages for refusing him medical care on or around December 6, 2024, for the injuries he sustained in the beating the previous day in violation of the Eighth Amendment[.]" *Id.* Sixth, he is proceeding "against Sergeant Quinn, Lieutenant Livers, and Officer Allen in their individual capacities for compensatory and punitive damages for beating him in the lieutenant's office on or around December 10, 2024, in violation of the Eighth Amendment[.]" *Id.*

The defendants filed a joint motion for summary judgment, arguing White did not exhaust his available administrative remedies before filing this lawsuit. ECF 21. White filed a response, and the defendants filed a reply. ECF 27, 28, 29. The defendants' motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own

2

pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed

3

grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison which required White to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 21-1 at 2; ECF 21-2 at 3. Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 21-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

The record shows White submitted three grievances relevant to his claims against the defendants. First, on December 5, 2024, he submitted a grievance complaining Officer Everage unnecessarily sprayed him with OC spray ("December 5 grievance"). ECF 21-4 at 3. Second, on December 6, 2024, he submitted a grievance complaining that on December 5: (1) Officer Everage unnecessarily sprayed him with OC spray; (2) Sgt. Mitchell, Sgt. Quinn, Officer Allen, and Lt. Stone forced him to walk in the freezing cold without a coat; and (3) Nurse Bueford refused to provide him medical treatment ("December 6 grievance"). ECF 27-3 at 14. And third, on December

4

10, 2024, he submitted a third grievance complaining that Sgt. Quinn, Officer Allen, and Lt. Livers used excessive force against him earlier that day ("December 10 grievance"). *Id.* at 16.

The Offender Grievance Process required the Grievance Specialist to either reject or issue a receipt for these three grievances within ten business days, but White did not receive a timely receipt or response from the grievance office for any of these three grievances. *See* ECF 21-2 at 9. On December 23, 2024, he sent a "Request for Interview" form to the Grievance Specialist stating he had not received a receipt for his December 6 grievance. ECF 27-3 at 4. On January 8, 2025, he sent a second "Request for Interview" form to the Grievance Specialist stating he had not received a receipt for his December 10 grievance. *Id.* at 6. White continued to submit additional "Request for Interview" forms to the Grievance Specialist, but never received any response to these forms. *Id.* at 5, 7-11; ECF 27-2 at 2.

Three months later, on March 25, 2025, the grievance office issued a receipt for White's December 5 grievance, but still did not issue any receipt for his December 6 or December 10 grievances. ECF 21-4 at 7; ECF 27-1 at 2, 5. On April 14, 2025, the grievance office issued a response denying White's December 5 grievance. ECF 21-4 at 7. White submitted a Level I appeal, which was received by the grievance office on May 2, 2025. *Id.* at 6. The warden's response to the Level I appeal was due on May 16, 2025, but White did not receive any response by that deadline. *Id.* On May 28, 2025, White filed this lawsuit. ECF 1 at 12. On June 18, 2025, the warden issued an untimely response denying White's Level I appeal. *Id.* at 5. White submitted a Level II appeal, which was

denied by the Department Grievance Manager nearly six months later on October 14, 2025. *Id.* at 1. The record contains no evidence the grievance office ever issued any receipt or response for White's December 6 and December 10 grievances. Because neither party disputes these facts, the court accepts them as undisputed.

Here, the relevant date for determining whether White exhausted his administrative remedies is May 28, 2025 – the day he filed this lawsuit. *See Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit). The undisputed facts show White had exhausted all administrative remedies that were available to him on that date. Specifically, White submitted relevant grievances on both December 6 and December 10, 2024, and never received any receipt or response from the grievance office to either grievance. On December 23, 2024, and January 8, 2025, White followed up with the grievance office by sending written notices to the Grievance Specialist regarding the lack of receipt or response to these grievances. At that point, the Offender Grievance Process required the Grievance Specialist to "investigate the matter and respond to the offender's notification within ten (10) business days." ECF 21-2 at 9. But there is no evidence the Grievance Specialist did so, which left White without any further available remedies to exhaust with regard to these two grievances. *See Dole*, 438 F.3d at 809; *Jones v. Lamb*, 124 F.4th 463, 468 (7th Cir. 2024) ("When prison officials fail to timely respond to a prisoner's grievances, for example, administrative remedies are unavailable."). Therefore, at the time White filed this

lawsuit on May 28, 2025, he had exhausted all remedies that were available to him with regard to his December 6 and December 10 grievances. *See id.*

The defendants argue summary judgment is warranted in their favor because White still had available remedies to exhaust with regard to his December 5 grievance at the time he filed this lawsuit, as he had not yet received a response to his Level I appeal. But because (1) the undisputed facts show White had exhausted all of his available administrative remedies with regard to his December 6 and December 10 grievances at the time he filed this lawsuit, and (2) White's December 6 and December 10 grievances relate to all of his claims in this lawsuit, the fact that he had available remedies with regard to his December 5 grievance does not change the exhaustion analysis. And regardless, White's administrative remedies were unavailable with regard to his December 5 grievance at the time he filed this lawsuit as well, as the warden's response to his Level I appeal was due by May 16, 2025, and the warden had not yet issued any response when White filed this lawsuit on May 28. The record therefore shows that White had exhausted all of the administrative remedies that were available to him at the time he filed this lawsuit.

Accordingly, the defendants have not met their burden to show White had administrative remedies available to him which he did not exhaust before he filed this lawsuit. Their motion for summary judgment must be denied.

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 21).

SO ORDERED on July 28, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT